(December 3, 1906.)

## JOHN SHRECK, Appellant, v. VILLAGE OF COEUR D'ALENE, Respondent.

[87 Pac. 1001.]

NUISANCE MAINTAINED BY MUNICIPALITY—INJUNCTION PENDENTE LITE.

1. Where the plaintiff shows by his complaint and affidavits that the defendant municipality is maintaining a nuisance specially injurious to the complainant, and the defendant does not deny the existence of the nuisance, but alleges that it has taken steps to abate the same and that it means and intends to prevent any repetition or recurrence of the matters charged as constituting the nui-

sance, and affidavits are produced showing that conditions have not been materially changed and that the cause of complaint still exists, a temporary injunction ought to issue, and it is error to refuse such relief.

2. Showing made in this cause examined and held sufficient to entitle plaintiff to an injunction pendente lite.

(Syllabus by the court.)

APPEAL from the District Court of First Judicial District for Kootenai County. Hon. Ralph T. Morgan, Judge.

Plaintiff applied to the district judge on complaint and affidavits for a temporary injunction. Motion denied and plaintiff appealed. *Reversed.*

Edward La Veine, for Appellant.

The intention of the respondent village to keep the dump in question in a perfectly sanitary condition does not excuse the respondent village for its acts in the past, nor does it act as a defense to said acts. (5 Pomeroy's Equity Jurisprudence, sec. 539.)

The record and appellant's showing is sufficient to entitle him to a permanent injunction against the village of Coeur d'Alene in accordance with the prayer of his complaint. (5 Pomeroy's Equity Jurisprudence, sec. 521; *Board of Health of City of Yonkers v. Copcutt,* 140 N. Y. 12, 35 N. E. 443, 23 L. R. A. 485; *City of New Albany v. Slider,* 21 Ind. App. 392, 52 N. E. 626; *Village of Sand Point v. Doyle,* 11 Idaho, 642, 83 Pac. 598, 4 L. R. A., N. S., 810.)

Earl Saunders, for Respondent.

Where the defendant disclaims the intention of continuing a nuisance, and is using due diligence for its removal, the injunction will be refused. (High on Injunctions, 4th ed., sec. 752; *King v. Morris,* 18 N. J. Eq. (3 C. E. Green) 379.)

An injunction will not be granted to restrain an act already done. (*Wilson v. Boise City,* 7 Idaho, 69, 60 Pac. 84; *Delger v. Johnson,* 44 Cal. 182.)

Past injuries afford no ground for relief by injunction when there is no danger of future injuries. (1 High on Injunctions, 4th ed., sec. 798; *Esson v. Wattier,* 25 Or. 7, 34 Pac. 756.)

The granting or refusing of an injunction is within the discretion of the trial court. (*Washington etc. Ry. Co. v. Coeur d'Alene etc. Co.,* 2 Idaho, 439, 17 Pac. 142, 4 L. R. A. 409; *Staples v. Rossi,* 7 Idaho, 618, 65 Pac. 67; *Price v. Grice,* 10 Idaho, 443, 79 Pac. 387.)

Under sections 2223, 3237, 3238 and 3243, Code of Civil Procedure, it was competent and proper for the court to render judgment in accordance with the evidence in the case, as made and tried by the parties, and to treat the pleadings as amended for that purpose. It is the rule that where evidence is introduced without objection, the pleading will be considered amended to correspond with the facts proven, and the judgment will be based upon the evidence. (*Heater v. Penrod* (Neb.), 89 N. W. 762; *Enix v. Iowa Cent. R. Co.,* 114 Iowa, 508, 87 N. W. 417; *St. Louis etc. R. Co. v. Keller,* 10 Kan. App. 840, 62 Pac. 905; *Savings Bank v. Barrett,* 126 Cal. 413, 58 Pac. 914; *Sengfelder v. Insurance Co.,* 5 Wash. 121, 31 Pac. 428.)

Any variance between pleading and proof must be taken advantage of at the trial, and cannot be considered on appeal. (*Pryor v. Worford* (Ky.), 54 S. W. 838; *Jacobs v. Marks,* 183 Ill. 533, 56 N. E. 154; *Choquette v. Southerland R. Co.,* 152 Mo. 257, 53 S. W. 897.)

No variance between the pleadings and proof is material unless the adverse party has been actually misled to his prejudice, in maintaining his action or defense upon the merits. (*Wilcox Lumber Co. v. Ritteman,* 88 Minn. 18, 92 N. W. 472; *People's Nat. Bank v. Miles,* 65 Kan. 122, 69 Pac. 164; *Dudley v. Duval,* 29 Wash. 528, 70 Pac. 68; *Chicago Co. v. Stewart Lumber Co.,* 66 Neb. 835, 92 N. W. 1009.)

An amendment of pleadings will be implied where evidence is introduced without objection, and the case tried as if the proof as made was covered by the pleadings. (1 Ency. of Pl. & Pr. 641.)

Appellant was not in any way injured by the introduction of the evidence in this case on account of the state of the pleadings, and the rule is that the party to avail of any such supposed injury must present the matter at the trial, and show that he would be injured by the introduction of proof, and if he does not do so, then he never can. (*Hewitt v. Maize,* 5 Idaho, 633, 51 Pac. 607; *Hawkins v. Pocatello Water Co.,* 3 Idaho, 776, 35 Pac. 711; *Aulbach v. Dahler,* 4 Idaho, 654, 43 Pac. 322; *Bell v. Knowles,* 45 Cal. 193.)

AILSHIE, J.—This is an appeal from an order denying a temporary injunction. The plaintiff filed his complaint on the ninth day of April, 1906, charging that the defendant, the village of Coeur d'Alene was the owner of a tract of land within the vicinity of plaintiff's premises, on which it was maintaining a dump for the deposit of all kinds of waste, refuse and decaying matter, and more especially decaying animal and vegetable matter which emitted offensive and disagreeable odors and effluvia, which endanger the health and comfort of plaintiff and his family, and that the same depreciated the value of his property and rendered his premises unsafe for habitation. The substance of the complaint amounted to charging the municipality with maintaining both a public and private nuisance, which is especially injurious to the plaintiff. The plaintiff filed affidavits in support of the allegations of the complaint, and thereupon obtained from the district judge an order requiring the defendant to show cause at a time and place specified why a temporary injunction should not be granted against the defendant's maintaining the dump and continuing to cause and permit waste, decaying and refuse matter to be deposited thereon. On the return day the defendants demurred to the complaint and filed the affidavits of the village trustees, in which they deposed in effect that they had never intended to permit any vegetable or animal matter to be deposited on the dump grounds, but it was their intention at all times to only allow tin cans, ashes and such other waste and refuse to be deposited at this dump yard as would not emit or give off any offensive

odors.   It was also shown by these affidavits that they had not been informed that the dump grounds were being used for purposes other than that originally intended by them until a very short time prior to the commencement of this action; that immediately upon learning of the condition the board of trustees passed a resolution prohibiting the dumping of any animal or vegetable matter on these grounds, and instructing their officers to enforce the provisions of the resolution.   That they also caused the marshal to post notices on the grounds, informing the public that all persons were prohibited from dumping any waste matter there that would give off offensive odors.   The trustees also disclaim any purpose or intent on the part of themselves or the municipality represented by them to maintain any nuisance upon their premises, and also assert their purpose to prevent any nuisance thereon in the future.   The plaintiff filed a counter-affidavit signed by three of the citizens who lived and resided near him and in the neighborhood of the dump grounds, in which they stated they had visited the premises in dispute and that the nuisance was still being maintained, and that decaying and decomposed matter was being deposited there still.   The district judge, after hearing the matter, took it under advisement, and thereafter made and filed his order denying the injunction.   Plaintiff has appealed from the order.

We think the showing made by the respective parties in this case clearly entitled the plaintiff to a temporary injunction until such time as the case could be heard in full on both sides. The defendant municipality has practically admitted at all times that this dump yard in the condition in which it was kept amounted to a nuisance, but they seem to have attempted to justify the action of the municipal officers on the grounds that they were not apprised of the condition until a short time prior to the commencement of the action, and that they immediately took the necessary steps to remove the nuisance by burying all the animal and vegetable matter found thereon, and that they faithfully and honestly attempted to prevent the dumping of any more offensive matter thereon.   The officers are undoubtedly acting in good faith, and have no in-

tent of injuring the plaintiff, but intent to injure or do a wrongful act is not the test in cases of nuisance. A party may be maintaining a nuisance or committing a lasting and permanent injury upon the rights of another without any malicious or wrongful intent toward the person injured, and yet be subject to an action to restrain him from the further commission of such acts. Of course, if it could be clearly and satisfactorily shown that the defendants had removed the cause of the nuisance, and that the plaintiff was in no further danger of its repetition or recurrence, there would be no occasion for an injunction, but that fact does not clearly appear in this case, and the plaintiff was entitled to a restraining order as prayed for. If the municipality is acting in good faith, as we have no doubt it is, an injunction against the continuation of this nuisance can work no injury upon it. In a case like this, where the plaintiff has shown a condition which the defendant admits constituted a nuisance, the discretion of the court should be liberally exercised in favor of the plaintiff, and an injunction granted *pendente lite* until the case can be fairly tried and fully determined upon all the facts presented, or until such time as the defendant can fully and clearly satisfy the court that it has removed the cause and relieved the plaintiff from further risk of its repetition.

The order of the district court denying a temporary injunction is reversed. The cause is remanded, with instructions to grant a temporary injunction *pendente lite*. Costs awarded in favor of appellant.

Stockslager, C. J., and Sullivan, J., concur.