(March 20, 1922.)

MINNIE L. HAYS, Appellant, v. C. A. ROBINSON and IDAHO AUTO SUPPLY COMPANY, a Corporation, Respondents.

[206 Pac. 173.]

CLAIM AND DELIVERY—DEMAND—VERIFIED COMPLAINT—DENIALS.

1. The general rule is that claim and delivery will not lie against one who has obtained possession of the property lawfully until a proper demand has been made for the same and possession refused.

2. Denials of allegations of a verified complaint must be specific.

APPEAL from the District Court of the Fourth Judicial District, for Twin Falls County. Hon. Wm. A. Babcock, Judge.

Action to recover possession of an automobile. From judgment for defendant, plaintiff appeals. *Reversed.*

Jas. R. Bothwell and W. Orr Chapman, for Appellant.

"In order to maintain an action of replevin, even where the original taking was not tortious or wrongful, a demand for possession of the property is not a condition precedent." (*Citizens' State Bank v. Chattanooga State Bank*, 23 Okl. 767, 101 Pac. 1118; *Bell v. Niles*, 61 Fla. 114, 55 So. 392; *Milligan v. Brooklyn Warehouse & Storage Co.*, 34 Misc. Rep. 55, 68 N. Y. Supp. 744; *Albright v. Browne*, 55 Or. 599, 107 Pac. 458; *Kophal v. Weisenberger*, 191 Mich. 448, 158 N. W. 122; *Home Payment Jewelry Co. v. Smith*, 24 Cal. App. 486, 141 Pac. 933; *Hoover v. Lewin*, 56 Ind. App. 367, 105 N. E. 400.)

"In an action in replevin where the gravamen of the action, as shown by the pleadings, is the wrongful taking and unlawful detention, the only issue is the taking; no demand was necessary. . . . . " (*Woodward v. Edmunds*, 20 Utah, 118, 57 Pac. 848; *C. W. Raymond Co. v. Kahn*, 124 Miss. 426, 145 N. W. 164, 51 L. R. A., N. S., 251; *Brown v. Lewis*, 50 Or. 358, 92 Pac. 1058; *Salisbury v. Barton*, 63 Kan. 552, 66 Pac. 618; *Schmidt v. Bender*, 39 Kan. 437, 18 Pac. 491; *Klug v. Munce*, 40 Colo. 276, 90 Pac. 603; *Ahlendorf v. Barkous*, 20 Ind. App. 656, 50 N. E. 887.)

"Where a defendant in a replevin action asserts title in himself in opposition to that claimed by the plaintiff, or where he alleges such title in his answer, no proof of demand and refusal is necessary." (*Fuller v. Forson*, 8 Kan. App. 652, 56 Pac. 512; *Chapin v. Jenkins*, 50 Kan. 385, 31 Pac. 1084; *California Cured Fruit Assn. v. Stelling*, 141 Cal. 713, 75 Pac. 320; *Greenawalt v. Wilson*, 52 Kan. 109, 34 Pac. 403; *Schmidt v. Bender, supra;* 34 Cyc. 1491.)

John W. Graham and W. P. Guthrie, for Respondents.

The general rule is that replevin will not lie against one who obtained possession of property lawfully until a proper demand is made for the same and the possession refused. (34 Cyc. 1405, n. 78; *Home Payment Jewelry Co. v. Smith,* 24 Cal. App. 486, 141 Pac. 933; *McNally v. Connolly,* 2 Cal. Unrep. 621, 9 Pac. 169; *Campbell v. Jones,* 38 Cal. 509; *Burr v. Daugherty,* 21 Ark. 559; *Crown Co. v. Reilly,* 88 N. J. L. 590, 96 Atl. 481; *Patchin v. Rowell,* 86 Conn. 372, 85 Atl. 511; *Harby & Co. v. Byers Lumber Co.,* 95 S. C. 33, 78 S. E. 522; *Detroit Safe Co. v. Myer,* 192 Mich. 215, 158 N. W. 860; *Pangborn v. Ruemenapp,* 74 Mich. 572, 42 N. W. 78; *Okerson v. Crittenden,* 62 Iowa, 297, 17 N. W. 528; *Ramirez v. Main,* 11 Ariz. 43, 89 Pac. 508; *Woods v. Latta,* 35 Mont. 9, 88 Pac. 402; *Hall v. Bassler,* 96 App. Div. 96, 88 N. Y. Supp. 1039; *Hoover v. Lewin,* 56 Ind. App. 367, 105 N. E. 400.)

In replevin against one who has acquired the property in good faith from one in possession, even though from a wrongdoer, it is necessary to prove a demand before suit is brought. (*Roach v. Binder,* 1 Colo. 322; *Lyle v. Barnes,* 30 S. D. 647, 139 N. W. 338; *Anderson v. Pendl,* 153 Mich. 693, 117 N. W. 326; *Kellogg v. Olson,* 34 Minn. 103, 24 N. W. 364; *Becker v. Vandercook,* 54 Mich. 114, 19 N. W. 771; *Burckhalter v. Mitchell,* 27 S. C. 240, 3 S. E. 225; *Led-better v. Embree,* 12 Ind. App. 617, 40 N. E. 928.)

Where the trial court gave to the jury instructions which stated the essence and substance of the instructions offered and refused, there was no error. (*Breshears v. Callender,* 23 Ida. 348, 131 Pac. 15.)

DUNN, J.—Plaintiff brought this action to recover from defendants possession of a Haynes automobile, which she claimed to be her separate property and to have been taken into possession by defendant C. A. Robinson on or about November 7, 1918, without plaintiff's consent. She alleged demand for possession before commencing the action. De-

fendant Robinson answered admitting possession of the automobile, but denying that it was the separate property of plaintiff. He alleged that prior to the election of 1918 he and J. W. Hays, the husband of plaintiff, had made a wager on the election; that he had won said wager and that by virtue of the contract of wager he had demanded and received said automobile from the stakeholder, Idaho Auto Supply Company. As a further defense he alleged that even if plaintiff was the owner of said automobile, she was barred and estopped from asserting her claim thereto by reason of the fact that said wager was made with her knowledge and consent, and that with her knowledge and consent and ratification said automobile was permitted to remain with the stakeholder until said Robinson had won said wager and had demanded and obtained possession of said automobile.

The case was tried before a jury and a verdict returned in favor of defendant Robinson. Plaintiff appealed.

Appellant assigns as errors the insufficiency of the evidence to justify the verdict; the giving of certain instructions by the trial court, and the refusal to give certain instructions requested by appellant.

The assignment as to the instructions given will dispose of the case. Appellant complains of the giving of an instruction by which the court told the jury that before appellant could recover she must prove the allegation of her complaint that she made demand upon respondent Robinson for the delivery of the automobile before commencing her action, and that if she failed to prove such demand the jury should find for the respondent.

The proprietors of the Auto Supply Company, the stakeholder, testified that Robinson obtained possession of the automobile by taking it from their garage, where it was stored, without the knowledge or consent of the stakeholder; and one of the proprietors, George F. Duke, testified that before Robinson obtained possession of the automobile the stakeholder had been notified by J. W. Hays, the wagering party who placed the automobile in the garage, not to let

the car go out.  This testimony on the part of these proprietors of the stakeholder was undisputed.

We understand the rule as to demand in cases of this kind to be as follows:

"The general rule is that replevin will not lie against one who has obtained possession of the property lawfully until a proper demand is made for the same, and possession refused."  (34 Cyc. 1405.)

"If the possession was rightfully acquired a demand is ordinarily necessary to make the subsequent detention wrongful, since the law presumes, in the absence of any rebutting circumstances, that property which has come rightfully into the possession of defendant and which he is not entitled to retain will be surrendered to the person entitled thereto upon demand, and he should be given an opportunity to do so before being subjected to the expense and inconvenience of an action; but it also follows that since this is the object of the demand defendant cannot object that no demand was made if he subsequently contests the action on the merits, claiming title in himself, or where it otherwise appears that a demand, if made, would have been unavailing."  (34 Cyc. 1404, 2 a.)

Under this rule, since respondent claims title, no demand was necessary.  But the question of demand is settled so far as this case is concerned also by the fact that the allegation of demand in the verified complaint is not denied by the answer.  The general statement at the beginning of the answer that defendants "deny each and every allegation contained in said complaint not hereinafter specifically admitted" is not a denial under our system of pleading, which requires that the denials of the allegations of a verified complaint must be specific.  (C. S., sec. 6694.)  Failing to deny that demand was made admitted the truth of that allegation.  It was, therefore, error for the court to instruct the jury that the allegation of demand must be supported by proof.  If all the other facts necessary to support a verdict for appellant had been found by the jury in her favor this instruction would have required the jury to find for

respondent because appellant offered no proof of the demand alleged in the complaint. For this error we think the judgment must be reversed.

There was no error in refusing the instructions asked by appellant. In so far as they stated the law correctly they were fairly covered by the instructions given. Except as indicated herein we find no serious objection to the charge as given. If the case is tried again we think it proper to suggest that in addition to the instruction that the burden of proof is upon the plaintiff to substantiate by a preponderance of the evidence the allegations of the complaint, the court should also instruct the jury that the burden is on the defendant to prove by a preponderance of the evidence to the satisfaction of the jury his defenses that the wager was made by the husband of plaintiff with her knowledge and consent and that she ratified his action therein; and that he obtained possession of said automobile through his demand therefor upon the stakeholder and its delivery to him by the stakeholder pursuant to such demand. The judgment is reversed, with costs to appellant.

Rice, C. J., and Budge, McCarthy and Lee, JJ., concur.