944 P.2d 704

Karon S. BRADY, Petitioner–Appellant,

v.

The CITY OF HOMEDALE, a political subdivision of the State of Idaho, Joint School District No. 370, Homedale Planning and Zoning Commission, a political subdivision of the State of Idaho, and John Does I–V, Defendants–Respondents.

No. 23011.

Supreme Court of Idaho,
Boise, May 1997 Term.

Sept. 3, 1997.

Roberts & Robinson, Caldwell, for Petitioner–Appellant. Brian K. Walker argued.

White, Peterson, Pruss, Morrow and Gigray, P.A., Nampa; Bowen, Brassey, Gardner, Wetherell & Crawford, Boise, for Defendants–Respondents. Christopher S. Nye argued for City of Homedale and C. Clayton Gill argued for Joint School District.

SCHROEDER, Justice.

This is an appeal of an order from the Third District Court which denied petitions for a writ of mandamus, a temporary restraining order and a preliminary injunction. The petitions were filed by Karon S. Brady, a resident of Homedale, Idaho, who objected to the construction of a school bus maintenance and storage facility on property across the street from her house. The property owner also appeals the award of attorney fees by the district court.

## I.

### FACTS AND PROCEDURAL BACKGROUND

In July of 1995 the School Board for Homedale Joint School District No. 370 ("School District") met for the purpose of allocating funds for the purchase and construction of a transportation and maintenance facility ("facility"), otherwise known as a bus barn, used to store school buses and maintain equipment owned by the School District. The School District solicited and accepted a bid for the construction of the facility later that summer and selected a site for the new facility on the grounds of the Homedale High School.

In November of 1995 the School District applied for a building permit for the construction of the facility. The building site was located in an area zoned "public." The City of Homedale building inspector conditionally approved the zoning permit contingent upon the definition of the phrase "school, elementary—high school," as used in the Homedale City Ordinance ("Ordinance"). On November 22, 1995, the Homedale Planning and Zoning Commission ("Commission") held a meeting at the building inspector's office. The Commission interpreted and defined the term "school" as used in the Ordinance to "include all buildings, fixtures, and/or improvements owned or built by the school district for the purpose of maintenance and operation of the school district and its property." Based on this interpretation by the Commission, the building inspector issued a standard building permit on November 27, 1995. Construction of the building began on the same day the building permit was issued or shortly thereafter.

On January 8, 1996, Brady contacted the Homedale city clerk and requested that her

name be placed on the agenda for the city council meeting scheduled for January 10, 1996. According to testimony, Brady gave no indication of why she wished her name be placed on the agenda. The city clerk informed Brady that the January 10, 1996 agenda was full and Brady agreed to be placed on the January 25, 1996 agenda.

On January 22, 1996, prior to the January 25, 1996 meeting, Brady filed a petition and application for writ of mandamus and motions for a temporary restraining order and a preliminary injunction in the district court. On January 24, 1996, the district court issued an order for a hearing on February 9, 1996, "to show cause why the above-ordered Temporary Restraining Order should not be continued during the pendency of this action." On January 25, 1996, Brady appeared at the Homedale City Council meeting with her attorney and requested an opportunity to discuss the pending litigation. The Homedale Mayor responded that, since this matter was now in litigation, Brady should contact the City's attorney for any discussion of the issue. All construction on the building at that time was complete.

On February 15, 1996, a motion to lift the temporary restraining order and a motion to dismiss Brady's other applications were filed. On March 8, 1996, the district court held a hearing on Brady's motion for preliminary injunction and writ of mandamus. In an order dated April 17, 1996, the district court quashed its order to show cause and dismissed Brady's motion for temporary restraining order, motion for preliminary injunction and application for writ of mandamus. On August 8, 1996, the district court issued a subsequent order awarding attorney fees to the Respondents.

## II.

### THE DISTRICT COURT PROPERLY DENIED BRADY'S PETITION FOR WRIT OF MANDAMUS

■ On appeal from a decision denying a writ of mandamus this Court's task is to apply the same standard required of the district court. *Kolp v. Board of Trustees of Butte County Joint Sch. Dist. No. 111*, 102

Idaho 320, 629 P.2d 1153 (1981). Judicial review of the district court's denial of Brady's request for writ of mandamus is limited to determining whether Brady had a clear legal right to the relief sought. *Knudson v. Boundary County Sch. Dist. No. 101*, 104 Idaho 93, 656 P.2d 753 (Ct.App.1982); *In re Brooks*, 40 Idaho 432, 233 P. 514 (1925). Proceedings for writ of mandamus "are not available to review the acts of boards in respect to matters as to which they are vested with discretion, unless it clearly appears that they have acted arbitrarily and unjustly and in abuse of the discretion vested in them." *Kolp*, 102 Idaho at 323, 629 P.2d at 1156 (quoting *Wellard v. Marcum*, 82 Idaho 232, 236, 351 P.2d 482, 483 (1960)).

■ The standard for the issuance of a writ of mandamus is set forth in I.C. § 7–302:

> It may be issued by any court except a justice's or probate court, to any inferior tribunal, corporation, board or person, to compel the performance of an act which the law especially enjoins as a duty resulting from an office, trust or station; or to compel the admission of a party to the use and the enjoyment of a right or office to which he is entitled, and from which he is unlawfully precluded by such inferior tribunal, corporation, board or person.

I.C. § 7–302. A writ of mandamus will not lie unless the party seeking the writ has a clear right to have done that which the petitioner seeks and unless it is a clear legal duty of the officer to so act. *Freeman v. McQuade*, 80 Idaho 387, 331 P.2d 263 (1958); *Fitzpatrick v. Welch*, 96 Idaho 280, 527 P.2d 313 (1974).

■ Brady has shown no "clear legal right" to the remedy sought: to halt construction and to enjoin the use of the building. A writ of mandate will not issue to "compel the performance of a discretionary act." *McCuskey v. Canyon County*, 123 Idaho 657, 663, 851 P.2d 953, 959 (1993). "As I.C. § 67–6519 gives counties the discretion to grant or deny an application for a permit authorized or mandated by the Local Planning Act of 1975, a writ of mandate is not available to compel the issuance [or to revoke

the issuance] of such a permit." *Id.* The district court properly denied Brady's petition for a writ of mandamus.

■ Although Brady did not have a "clear legal right" to the remedy sought through a writ of mandamus, this Court also finds that Brady has not exhausted her administrative remedies. In *Bone v. City of Lewiston,* 107 Idaho 844, 693 P.2d 1046 (1984), this Court addressed the proper procedure for seeking judicial review of a city's decision to deny a rezoning application. This Court held that I.C. § 67–5215(b)–(g) "is the exclusive source of appeal for adverse zoning decisions. To hold otherwise would render the mandate of § 67–5215(b–g) meaningless, for it would allow an applicant to bypass § 67–5215(b–g) by seeking different avenues of appeal with different levels of judicial scrutiny." *Bone,* 107 Idaho at 848, 693 P.2d at 1050. Brady asserts that she was unable to exhaust her administrative remedies because "the construction of the bus barn was proceeding apace," no public hearings were held, and because she was denied an opportunity to present her concerns to the Commission. This Court agrees. Brady was denied her opportunity to be heard before the City Council. Brady is entitled to all of the procedures and protections found within the Administrative Procedure Act (APA), Title 67, Chapter 52, Idaho Code, including the right to be heard before the proper city administrative authorities.

### III.

### THE DISTRICT COURT PROPERLY DENIED INJUNCTIVE RELIEF

Brady asserts that the district court erred in denying her petition for a preliminary injunction.[1] A preliminary injunction may be granted in the following cases:

(1) When it appears by the complaint that the plaintiff is entitled to the relief demanded, and such relief, or any part thereof, consists in restraining the commission

or continuance of the acts complained of, either for a limited period or perpetually.

. . . .

(3) When it appears during the litigation that the defendant is doing, or threatens, or is about to do, or is procuring or suffering to be done, some act in violation of the plaintiff's rights, respecting the subject of the action, and tending to render the judgment ineffectual.

I.R.C.P. 65(e)(1), (3).

■ Whether to grant or deny a preliminary injunction is a matter for the discretion of the trial court. *Harris v. Cassia County,* 106 Idaho 513, 517, 681 P.2d 988, 992 (1984). An appellate court will not interfere with the trial court's decision absent a manifest abuse of discretion. *Id.* A preliminary injunction "is granted only in extreme cases where the right is very clear and it appears that irreparable injury will flow from its refusal." *Id.* at 518, 681 P.2d at 993 (citing *Evans v. District Court of the Fifth Judicial Dist.,* 47 Idaho 267, 270, 275 P. 99, 100 (1929)).

■ In determining whether a trial court has committed a manifest abuse of discretion, the reviewing appellate court "must determine (1) whether the trial court correctly perceived the issue of one of discretion; (2) whether the trial court acted within the outer boundaries of its discretion, consistently with applicable legal standards; and (3) whether the trial court reached its decision by exercise of reason." *Lankford v. Nicholson Mfg. Co.,* 126 Idaho 187, 188–89, 879 P.2d 1120, 1121–22 (1994). Furthermore, an appellant bears the burden of showing an abuse of the trial court's discretion. *Southern Idaho Prod. Credit Ass'n v. Astorquia,* 113 Idaho 526, 528, 746 P.2d 985, 987 (1987).

■ Brady has not shown an abuse of discretion by the district court. The building was completed at the time the hearing was conducted before the district court. Consequently, there was no act to enjoin by the district court. An injunction can not restrain

---

1. In an issue on appeal, Brady also contests the district court's denial of a temporary restraining order. However, Brady presented no argument or authority supporting her assertion that the district court's denial was erroneous. "When issues on appeal are not supported by propositions of law, authority, or argument, they will not be considered." *State v. Zichko,* 129 Idaho 259, 263, 923 P.2d 966, 970 (1996).

an act already completed. *Wilson v. Boise City,* 7 Idaho 69, 73, 60 P. 84, 85 (1900) ("That act already taken place, a writ of injunction could not prevent it."). The district judge acted within the bounds of his discretion and his opinion evidences sound reason. The district judge did not err in denying the preliminary injunction.

## IV.

### ATTORNEY FEES AND COSTS

█ Brady appeals from the district court's award of attorney fees to the Respondents below. A trial court's award of attorney fees will not be disturbed on appeal absent a manifest abuse of the trial court's discretion. *Turner v. Willis,* 116 Idaho 682, 778 P.2d 804 (1989). An award of attorney fees is a matter for the sound discretion of the trial court, and the burden is upon the appellant to demonstrate that the trial court abused its discretion. *Hellar v. Cenarrusa,* 106 Idaho 571, 682 P.2d 524 (1984).

Idaho Rule of Civil Procedure 65(c) provides:

> No restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs and damages including reasonable attorney's fees to be fixed by the court, as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained. No such security shall be required of the state or of any political subdivision, or of an officer or agency thereof.

> A surety upon a bond or undertaking under this rule submits the surety to the jurisdiction of the court and irrevocably appoints the clerk of the court as agent upon whom any papers affecting the surety's liability on the bond or undertaking may be served. The surety's liability may be enforced on motion without the necessity of an independent action. The motion and such notice of the motion as the court prescribed may be served on the clerk of the court who shall forthwith mail copies to the persons giving the security if their addresses are known.

I.R.C.P. 65(c). The district court relied upon *Devine v. Cluff,* 110 Idaho 1, 713 P.2d 437 (Ct.App.1985), in which the Court of Appeals upheld an award of attorney fees under I.R.C.P. 65(c). The attorney fees were awarded after a trial on the merits where no proof was submitted of any damages other than attorney fees resulting from the issuance of the preliminary injunction. The *Devine* court held that "the plain meaning of I.R.C.P. 65(c) cannot be interpreted so narrowly as to deprive a *wrongfully enjoined party* of the right to attorney fees merely because the party failed to contest the restraining order *before* trial on the merits." *Id.* at 3–4, 713 P.2d at 440–41 (emphasis added).

█ *Devine* applied I.R.C.P. 65(c) to provide for the award of attorney fees in cases where a party who was wrongfully enjoined did not challenge the injunction until trial. In this case, the Respondents claim a right to the award of attorney fees based on their successful opposition to Brady's petition for injunctive relief.

No injunction was ever entered. I.R.C.P. 65(c) provides for an award of damages, including attorney fees, to a party who is found to have been wrongfully enjoined or restrained. I.R.C.P. 65(c) does not authorize an award absent entry of an injunction or restraining order. The district court's award of attorney fees pursuant to I.R.C.P. 65(c) is reversed.

## V.

### CONCLUSION

The district court's denial of a writ of mandamus is affirmed. The district court's denial of injunctive relief is affirmed. The award of attorney fees is reversed.

No costs on appeal. No attorney fees on appeal.

TROUT, C.J., and JOHNSON, McDEVITT* and SILAK, JJ., concur.