# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 36069

| | |
|---|---|
| IN THE MATTER OF THE ENCROACHMENTS LOCATED IN THE DEDICATED ALLEY IN BLOCK 23 OF CRUZEN ADDITION: _____ TOTAL SUCCESS INVESTMENTS, LLC, an Idaho limited liability company, **Petitioner/Appellant/Cross-Respondent,** v. ADA COUNTY HIGHWAY DISTRICT, **Respondent/Cross-Appellant,** and WASHINGTON MUTUAL BANK; and IDAHO POWER COMPANY, **Respondents.** | 2010 Opinion No. 15 Filed: March 4, 2010 Stephen W. Kenyon, Clerk |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Kathryn A. Sticklen, District Judge.

Order dismissing writ of mandate, granting attorney fees to one party, and denying attorney and expert witness fees to another party, <u>affirmed</u>.

Roats Law Office, PLLC, Boise, for appellant/cross-respondent. Richard T. Roats argued.

Trout Jones Gledhill Fuhrman, PA, Boise, for respondent/cross-appellant. Kimbell D. Gourley argued.

Hawley Troxell Ennis & Hawley, LLP, Boise, for respondent, Washington Mutual Bank. Kenneth C. Howell argued.

_____

PERRY, Judge Pro Tem

1

Total Success Investments, LLC (TSI) appeals from the district court's denial of its application for a writ of mandate requiring Ada County Highway District (ACHD), Washington Mutual Bank (WaMu), and Idaho Power Company to remove encroachments from an alley. TSI also appeals the district court's award of attorney fees to WaMu. ACHD cross-appeals the district court's denial of its attorney and expert witness fees. We affirm.

## I.

## FACTS AND PROCEDURE

Total Success Investments (TSI) owns property in Boise between Dewey and State Streets with alley access. In 2003, after completing a survey, TSI discovered that the alley was misaligned and encroached on its property. A fence was built to the edge of TSI's legally-described property, which extended into the alley. ACHD brought suit to have the fence removed. The district court held that ACHD had a prescriptive easement over TSI's property and granted relief to ACHD. The Supreme Court affirmed. *See Ada County Highway District v. Total Success Investments, LLC*, 145 Idaho 360, 364-65, 179 P.3d 323, 327-28 (2008).

In 2008, TSI applied for a writ of mandate to require ACHD, WaMu, and Idaho Power Company to remove power poles and landscaping that encroach on this same alley. The encroachments located on the opposite side of the alley from TSI's property, existed during the prior litigation, and were one of the causes of the general misalignment of the alley. TSI sought to have the encroachments removed from the alley's legally-described boundaries.

TSI presented evidence that there are encroachments into the alley making it difficult, but not impossible, for TSI's owner, Mr. LaVoie, and other tenants to enter and leave a parking lot along the alley. The district court found that TSI had failed to prove a sufficient encroachment to require ACHD to act, and the writ of mandate was denied. WaMu was awarded attorney fees, but ACHD was denied attorney fees and expert witness fees.

TSI appeals the denial of the writ of mandate and the granting of attorney fees to WaMu. ACHD cross-appeals the denial of its attorney and expert witness fees.[1]

---

[1] Idaho Power Company did not file a brief or otherwise appear in this appeal.

## II.

## ANALYSIS

**A.    TSI's Appeal**

TSI's application for a writ of mandate sought an order "requiring ACHD, Washington Mutual Bank, and Idaho Power Company to immediately remove or cause the removal of the encroachments in the alley."[2]

Idaho Code § 7-302 authorizes courts to issue writs of mandate against those that have a duty resulting from an office, trust, or station.  A party seeking a writ of mandate must establish "a clear legal right to the relief sought." *Brady v. City of Homedale*, 130 Idaho 569, 571, 944 P.2d 704, 706 (1997).  Writs of mandate will not be issued to "compel the performance of a discretionary act." *Id.* (quoting *McCuskey v. Canyon County*, 123 Idaho 657, 663, 851 P.2d 953, 959 (1993)).  Writs of mandate are not tools to control matters of discretion. *Bopp v. City of Sandpoint*, 110 Idaho 488, 490, 716 P.2d 1260, 1262 (1986).  "A writ of mandamus will lie if the officer against whom the writ is brought has a clear legal duty to perform and if the desired act sought to be compelled is ministerial or executive in nature, and does not require the exercise of discretion." *Cowles Publishing Co. v. The Magistrate Court of the First Judicial District of the State of Idaho, County of Kootenai*, 118 Idaho 753, 760, 800 P.2d 640, 647 (1990).

TSI claims that I.C. § 40-2319(1) imposes a duty on ACHD such that a writ of mandate is appropriate.  Idaho Code § 40-2319(1) states:

> If any highway or public right-of-way under the jurisdiction of a county or highway district is encroached upon by gates, fences, buildings, or otherwise, the appropriate county or highway district may require the encroachment to be removed.  If the encroachment is of a nature as to effectually obstruct and prevent the use of the highway or public right-of-way for vehicles, the county or highway district shall immediately cause the encroachment to be removed.

This statute provides that a party act in two circumstances.  The sentence using "may," the discretionary sentence, *allows* highway districts to seek removal of any encroachment.  The sentence using "shall," the mandatory sentence, imposes a *duty* upon the highway district to remove encroachments that "effectually obstruct and prevent use of the highway."

---

[2]    Although TSI's application sought the issuance of a writ of mandate against all three named parties, its position changed during the course of litigation.  During argument to the district court, and to this Court on appeal, TSI acknowledged that it sought the writ against ACHD to force it to require WaMu and Idaho Power Company to act.

3

1. **Applicability of I.C. § 40-2319's discretionary sentence**

TSI argues that ACHD abused its discretion under the discretionary sentence of I.C. § 40-2319 and "[t]he court did not discuss whether ACHD acted arbitrarily and unjustly and in abuse of its discretion." Therefore, TSI asserts the district court erred in not granting the writ pursuant to the first sentence of I.C. § 40-2319. In the interest of judicial economy, TSI asks this Court to vacate the district court order and grant the writ.

ACHD responds that TSI did not argue that ACHD abused its discretion under the statute to the district court and is therefore barred from arguing it to this Court. Generally, issues not raised below may not be considered for the first time on appeal. *Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991).

TSI's argument to the district court was focused on the interpretation of "effectually obstruct," from the mandatory sentence of I.C. § 40-2319(1). There was no argument that ACHD abused its discretion in choosing not to remove the encroachments. At the close of TSI's evidence, TSI did not argue ACHD had abused its discretion in response to ACHD's motion to dismiss TSI's action. Therefore, we conclude that TSI failed to preserve this issue for appeal. Accordingly, we will not address it further.

2. **"Effectually obstruct" under the mandatory sentence of I.C. § 40-2319**

The Idaho Supreme Court has stated:

> The standard of review for an appellate court's review of a district court's failure to issue a writ of mandate is the same standard required of the district court. *Brady v. City of Homedale,* 130 Idaho 569, 571, 944 P.2d 704, 706 (1997). The party seeking a writ of mandate must establish a "clear legal right to the relief sought." *Id.* Additionally, the writ will not issue where the petitioner has a "plain, speedy and adequate remedy in the ordinary course of law." I.C. § 7-303.

*Almgren v. Idaho Department of Lands*, 136 Idaho 180, 181, 30 P.3d 958, 959 (2001). In *Almgren*, the Court was analyzing whether the Idaho Department of Lands violated a clear legal right by not "acting" as required under the statute within sixty days. *Id.* at 182, 30 P.3d at 960. In *Brady*, the plaintiff failed to show any legal right to the relief sought. *Brady*, 130 Idaho at 571, 944 P.2d at 706. Appellate courts defer to findings of fact based upon substantial evidence but review freely the conclusions of law reached by stating legal rules or principles and applying them to the facts found. *Staggie v. Idaho Falls Consolidated Hospitals, Inc.*, 110 Idaho 349, 351, 715 P.2d 1019, 1021 (Ct. App. 1986). Where there is conflicting evidence, it is the trial

4

court's task to evaluate the credibility of the witnesses and to weigh the evidence presented. *Desfosses v. Desfosses*, 120 Idaho 354, 356, 815 P.2d 1094, 1096 (Ct. App. 1991).

On appeal, TSI argues that the district court failed to consider some of the evidence in making its finding that the alley is not effectually obstructed. TSI must demonstrate that the encroachments *effectually obstruct and prevent the use* of the highway or public right-of-way for vehicles, under I.C. 40-2319(1), to establish a clear legal right to the relief sought. If supported by substantial evidence, this Court will defer to the district court's findings of fact regarding the extent the encroachments impaired the right-of-way. Based on the extent of the encroachment, this Court will freely review whether TSI established a clear legal right to relief.

The district court found:

> In this case, persons parking in the lot behind the Total Success property are able to enter and exit the property and are able to use the alley without obstruction. Total Success's owner, Thomas LaVoie, testified that he was able to park his truck in the back of this property, but that he often had to utilize a three-point turn in order to exit this parking space. The Court cannot find that inconvenient parking either obstructs or prevents the use of the alley. While pull-out parking would be more convenient, the Court cannot find that the level of inconvenience involved is an obstruction or prevention of use of the alley. Without such an obstruction or prevention of use, there is no clear duty that ACHD is compelled to order the removal of the encroachments. As the decision is one of discretion, Total Success is not entitled to a writ of mandate. In light of this holding, it is unnecessary to discuss any other issues raised by the parties.

TSI argues that the alley is effectually obstructed because "the encroachments substantially prevent travel in one direction of the alley" for TSI's owner as he pulls out of his parking spot. While a restaurant owner that is a TSI tenant testified that he had a difficult time parking his 24-foot catering truck in the alley parking spaces, the tenant could park there if no other cars were parked next to it. The tenant further testified that his catering trucks can drive down the alley from either direction. Further, at oral argument, TSI conceded that the alley is about twelve feet wide at its narrowest point when the easement over TSI's property is considered part of the alley. The alley is wider at all other points.

Although there is conflicting evidence as to the extent of the encroachment, the district court's finding that the encroachments only amount to an inconvenience in parking is supported by substantial and competent evidence. TSI failed to show the encroachment effectually obstructs and prevents the use of the alley and therefore failed to demonstrate it had a clear legal

right to relief. Accordingly, TSI has also failed to show that the district court erred in denying the writ of mandate.

### 3. District court's award of attorney fees to WaMu

"An award of attorney fees is 'within the discretion of the trial court and subject to review for an abuse of discretion.'" *Taylor v. Maile*, 146 Idaho 705, 712, 201 P.3d 1282, 1289 (2009). The appellant bears the burden of demonstrating the trial court abused its discretion. *Brady*, 130 Idaho at 573, 944 P.2d at 708. When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the court reached its decision by an exercise of reason. *Sun Valley Shopping Center, Inc. v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991).

The district court awarded fees to WaMu under I.C. § 12-121 and I.R.C.P. 54(e)(1). Attorney fees may be granted under I.C. § 12-121 to the prevailing party if the case was brought, pursued, or defended frivolously, unreasonably, or without foundation. *Mutual of Enumclaw Insurance Co. v. Pedersen*, 133 Idaho 135, 139, 983 P.2d 208, 212 (1999). The district court concluded that WaMu did not owe a duty "resulting from an office, trust or station" as I.C. § 7-302 requires for the granting of a writ of mandate. Without a statutory basis for requesting the writ, the district court found TSI brought and pursued its claim against WaMu unreasonably and without foundation and granted attorney fees.

The application for writ of mandate sought an order "requiring ACHD, Washington Mutual Bank, and Idaho Power Company to immediately remove or cause the removal of the encroachments in the alley." WaMu argued to the district court that it had no duty under the statute. At the hearing below, TSI conceded that WaMu "unless ordered by ACHD, is not under any obligation to do anything." TSI stated it included WaMu in its application for the writ to put WaMu on notice that this action was pending against the property. On appeal, TSI characterizes its inclusion of WaMu as requesting a writ to require ACHD to require WaMu to remove the encroachment. TSI contends this was reasonable and the district court erred in granting attorney fees to WaMu.

6

The district court identified whether to grant attorney fees as a matter for its discretion and stated it was looking to determine whether the case was "brought, pursued or defended frivolously, unreasonably or without foundation." The district court reasoned that because the statute does not provide for TSI to obtain a writ of mandate against WaMu the action was unreasonable and without foundation. On appeal, TSI has failed to demonstrate that the award of attorney fees to WaMu was an abuse of the district court's discretion.

**B.     ACHD's Cross-Appeal for Attorney and Expert Witness Fees**

ACHD requested that the district court grant costs, including expert witness fees, and attorney fees. Costs were granted, but the expert witness fees and attorney fees were denied. ACHD cross-appeals this denial.

**1.     ACHD's expert witness fees**

The district court's decision under I.R.C.P. 54(d)(1)(D) is reviewed under an abuse of discretion standard. *Nampa & Meridian Irrigation District v. Washington Federal Savings*, 135 Idaho 518, 525, 20 P.3d 702, 709 (2001).

ACHD applied for expert witness fees under I.R.C.P. 54(d)(1)(D) for the surveyor it hired to survey the alley and testify at trial.[3] Idaho Rule of Civil Procedure 54(d)(1)(D) allows for costs that "were necessary and exceptional costs reasonably incurred, and should in the interest of justice be assessed against the adverse party." The district court is required to make a finding as to why the cost is or is not allowed. I.R.C.P. 54(d)(1)(D). ACHD argues that the surveyor's fees were "exceptional" because denial of those fees penalizes ACHD for obtaining an involuntary dismissal.

"A court may evaluate whether costs are exceptional within the context of the nature of the case." *City of McCall v. Seubert*, 142 Idaho 580, 588-89, 130 P.3d 1118, 1126-27 (2006) (affirming the trial court's finding that costs were not exceptional because they are "routine costs associated with modern litigation overhead" in a condemnation case); *Hayden Lake Fire Protection District v. Alcorn*, 141 Idaho 307, 314, 109 P.3d 161, 168 (2005) (affirming a finding that the costs of hiring six experts to testify as to valuation of property and risk analysis of

---

[3]     Below ACHD also requested expert witness fees under I.R.C.P. 54(d)(1)(C)(8), which awards "[r]easonable expert witness fees for an expert who testifies at a deposition or at a trial." ACHD's motion for summary dismissal was granted before it presented its evidence, and the district court denied the fees because the surveyor did not testify. ACHD does not argue the denial pursuant to this rule was error.

7

investments was not an exceptional cost for a class action lawsuit affecting thousands of businesses); *Fish v. Smith*, 131 Idaho 492, 493-94, 960 P.2d 175, 176-77 (1998) (not an abuse of discretion to find that the cost of hiring experts on accident reconstruction and medical diagnosis is routine and not exceptional in personal injury cases).

The district court acknowledged the award of exceptional costs as one of discretion. It identified the legal standard and made findings that the surveyor cost was reasonable and necessary but not exceptional because it is "a routine cost associated with modern litigation overhead, especially when a case involves encroachments upon real property." ACHD has failed to demonstrate that the district court abused its discretion.

### 2. ACHD's attorney fees

ACHD requested attorney fees under I.C. §§ 12-117, -121, and -123. "An award of attorney fees is 'within the discretion of the trial court and subject to review for an abuse of discretion.'" *Taylor*, 146 Idaho at 712, 201 P.3d at 1289. The appellant, or cross-appellant here, bears the burden of demonstrating the trial court abused its discretion. *Brady*, 130 Idaho at 573, 944 P.2d at 708. However, "[t]his Court freely reviews a district court's decision on attorney fee claims made pursuant to I.C. § 12-117." *Canyon County Board of Equalization v. Amalgamated Sugar Co., LLC*, 143 Idaho 58, 63, 137 P.3d 445, 450 (2006).

Attorney fees may be granted under I.C. § 12-121 to the prevailing party if the case was brought, pursued, or defended frivolously, unreasonably, or without foundation. *Mutual of Enumclaw Insurance Co.*, 133 Idaho at 139, 983 P.2d at 212. The district court stated the standard for awarding attorney fees under I.C. § 12-121 and identified the issue as a discretionary decision. The district court considered that TSI did show an encroachment in the right-of-way but failed to show that the encroachment effectively obstructed the use of the right-of-way. While TSI failed in proving its case, the district court found that with the evidence TSI presented it could not say that TSI "brought or pursued this case frivolously, unreasonably, or without foundation," and the court denied attorney fees under I.C. § 12-121.

Idaho Code § 12-123(2)(b) allows courts to award reasonable attorney fees to a party in a civil action that incurred the fees because of frivolous conduct. Conduct is frivolous if: (1) it serves merely to harass or maliciously injure a party; or (2) it is not supported by fact or a good faith argument in law. I.C. § 12-123(1)(b). The district court analyzed whether TSI's conduct

was frivolous and decided that with the evidence TSI presented of encroachments, its claim was not frivolous and did not call for the granting of attorney fees under I.C. § 12-123.

On appeal from the denial of fees under I.C. §§ 12-121 and -123, ACHD asserts that it acknowledged in prior litigation that the power poles and landscaping encroached into the alley. ACHD contends that the district court should not give TSI credit for proving an undisputed fact and use this as a reason to disallow attorney fees. The only issue in dispute, ACHD claims, was whether the encroachments reached a point to effactually obstruct the use of the alley. ACHD states that TSI failed to present any relevant evidence showing that the use of the alley was effactually obstructed and the litigation was therefore frivolous and deserving of an award of attorney fees.

The district court acknowledged the award of attorney fees was within its discretion and identified the correct legal standard. Once again the district court determined that TSI's failure in its evidence to convince the court to grant the writ of mandate did not amount to frivolous conduct. On appeal ACHD has failed to demonstrate the district court abused its discretion in not awarding fees under I.C. §§ 12-121 or -123.

Finally, ACHD also sought attorney fees pursuant to I.C. § 12-117(1), which states:

> Unless otherwise provided by statute, in any administrative or civil judicial proceeding involving as adverse parties a state agency, a city, a county or other taxing district and a person, the court shall award the prevailing party reasonable attorney's fees, witness fees and reasonable expenses, if the court finds that the party against whom the judgment is rendered acted without a reasonable basis in fact or law.

This section requires an award of attorney fees to a prevailing party where one acted without a reasonable basis in fact or law. *Canyon County Board of Equalization*, 143 Idaho at 63, 137 P.3d at 450. The requirement of I.C. § 12-117 that the party acted without a reasonable basis is similar to the requirement of I.C. § 12-121 that the case was brought, pursued or defended frivolously, unreasonably or without foundation. *See Ada County Highway District*, 145 Idaho at 372, 179 P.3d at 335 (denying attorney fees on appeal under both I.C. §§ 12-117 and -121 because the appeal was not frivolous or unreasonable); *Nation v. State, Department of Correction*, 144 Idaho 177, 194, 158 P.3d 953, 970 (2007) ("Both I.C. § 12-117 and § 12-121 permit the award of attorney's fees to the prevailing party if the court determines the case was brought, pursued or defended frivolously, unreasonably or without foundation.").

9

The district court concluded that ACHD had conceded it was not a taxing district and therefore not entitled to attorney fees under I.C. § 12-117. ACHD argues it did not concede this point and provides authority to support its argument that it is a taxing district. We agree with ACHD that the district court erred in interpreting ACHD's statements below as a concession that it did not qualify for fees as a taxing district.

However, an appellate court may affirm the district court's decision if an alternative legal basis supports it. *Hanf v. Syringa Realty, Inc.*, 120 Idaho 364, 370, 816 P.2d 320, 326 (1991). Assuming ACHD is a taxing district, ACHD must still establish TSI acted without a reasonable basis in fact or law. In examining TSI's actions, the district court stated:

> With the fact of an encroachment not in dispute, the court does not feel it can conclude that Total Success brought or pursued this case frivolously, unreasonably, or without foundation, even though it failed to convince the trier of fact that it had enough evidence to show that the encroachment amounted to a complete obstruction or prevention of vehicle use of the alley.

The district court's findings are sufficient to be dispositive of ACHD's claim for attorney fees under I.C. § 12-117. ACHD has failed to demonstrate that the district court's findings as to TSI's actions are erroneous. Accordingly upon review, we conclude that ACHD was not entitled to an award of fees under I.C. § 12-117.

## C.    Costs and Attorney Fees on Appeal

WaMu requests this Court to award its costs and attorney fees on appeal pursuant to I.C. § 12-121 and I.A.R. 41. An award of attorney fees may be granted under I.C. § 12-121 and I.A.R. 41 to the prevailing party and such an award is appropriate when the court is left with the abiding belief that the appeal has been brought or defended frivolously, unreasonably, or without foundation. *Rendon v. Paskett*, 126 Idaho 944, 945, 894 P.2d 775, 776 (Ct. App. 1995). Idaho Code § 7-302 only grants courts with the authority to issue writs of mandate against parties that owe a duty "resulting from an office, trust or station." As the district court found, WaMu does not owe such a duty. TSI conceded that WaMu was not a proper party during the hearing in 2008 but made no effort to dismiss WaMu. On appeal TSI has forced WaMu to appear and respond to the district court's award of attorney fees below. For these reasons we conclude that the continued litigation against WaMu is frivolous and WaMu is awarded costs and attorney fees on appeal.

10

ACHD also requests an award of costs and attorney fees on appeal pursuant to I.C. §§ 12-117 and -121. As stated above, a party must prevail to receive an award of attorney fees under I.C. § 12-121 and I.A.R. 41. A party must also prevail to be awarded attorney fees under I.C. § 12-117. *Canyon County Board of Equalization*, 143 Idaho at 63, 137 P.3d at 450. A respondent/cross-appellant that prevails on the appeal but does not prevail on its cross-appeal is not a prevailing party. *KEB Enterprises, L.P. v. Smedley*, 140 Idaho 746, 755, 101 P.3d 690, 699 (2004). Because ACHD did not prevail on its cross-appeal it is not entitled to costs or attorney fees on appeal.

## III.

## CONCLUSION

On TSI's appeal, the district court's denial of the writ of mandate and award of attorney fees to WaMu is affirmed. On ACHD's cross-appeal, the district court's denial of expert witness fees and attorney fees is also affirmed. We award WaMu costs and attorney fees on appeal. ACHD's request for costs and attorney fees on appeal is denied.

Judge GUTIERREZ and Judge MELANSON, **CONCUR.**

11