**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45177**

| | | |
|---|---|---|
| **FRANKLIN SCOTT OSTERHOUDT,** | ) | **2017 Unpublished Opinion No. 639** |
| | ) | |
| Petitioner-Appellant, | ) | **Filed: November 8, 2017** |
| | ) | |
| v. | ) | **Karel A. Lehrman, Clerk** |
| | ) | |
| **SANDY JONES,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Respondent. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Melissa Moody, District Judge.

Order dismissing petition for writ of mandate, <u>affirmed</u>.

Franklin Scott Osterhoudt; Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark A. Kubinski, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Franklin Scott Osterhoudt appeals from the district court's order dismissing Osterhoudt's petition for writ of mandate. Osterhoudt's petition sought to require the Idaho Commission of Pardons and Parole to provide Osterhoudt legal counsel at a parole violation hearing. Osterhoudt argues the district court erred because it failed to grant him relief, violated his right to due process, and incorrectly ruled that a writ of habeas corpus was an alternative to a writ of mandate. For the reasons set forth below, we affirm the district court's order dismissing Osterhoudt's petition for writ of mandate.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Osterhoudt was imprisoned and awaited a parole violation hearing. Osterhoudt filed a petition for writ of mandate, seeking to compel the Idaho Commission of Pardons and Parole to provide him legal counsel at the parole violation hearing. In the alternative, Osterhoudt sought

1

another way to obtain legal counsel for the hearing. The district court dismissed Osterhoudt's petition for writ of mandate. Osterhoudt timely appeals.

## II.

## STANDARD OF REVIEW

The standard of review for an appellate court's review of a district court's failure to issue a writ of mandate is the same standard required of the district court. *Brady v. City of Homedale*, 130 Idaho 569, 571, 944 P.2d 704, 706 (1997). The party seeking a writ of mandate must establish a "clear legal right to the relief sought." *Id.* Additionally, the writ will not issue where the petitioner has a "plain, speedy and adequate remedy in the ordinary course of law." I.C. § 7-303. Appellate courts defer to findings of fact based upon substantial evidence but review freely the conclusions of law reached by stating legal rules or principles and applying them to the facts found. *Staggie v. Idaho Falls Consol. Hospitals, Inc.*, 110 Idaho 349, 351, 715 P.2d 1019, 1021 (Ct. App. 1986).

## III.

## ANALYSIS

On appeal, Osterhoudt argues the district court erred when it dismissed his petition for writ of mandate. Osterhoudt asserts the district court's ruling failed to grant him relief, violated his right to due process, and incorrectly ruled a writ of habeas corpus was an alternative to a writ of mandate.[1] We disagree.

Idaho Code § 7-302 authorizes courts to issue writs of mandate against those that have a duty resulting from an office, trust, or station. A party seeking a writ of mandate must establish "a clear legal right to the relief sought." *Brady*, 130 Idaho at 571, 944 P.2d at 706. Writs of mandate will not be issued to "compel the performance of a discretionary act." *Id.* (quoting *McCuskey v. Canyon County*, 123 Idaho 657, 663, 851 P.2d 953, 959 (1993)). "A writ of mandamus will lie if the officer against whom the writ is brought has a clear legal duty to perform and if the desired act sought to be compelled is ministerial or executive in nature, and does not require an exercise of discretion." *Cowles Publishing Co. v. The Magistrate Court of the First Judicial District of the State of Idaho, County of Kootenai*, 118 Idaho 753, 760, 800 P.2d 640, 647 (1990).

---

[1]     The State did not file a respondent's brief in this case.

Here, Osterhoudt failed to demonstrate error by the district court. In parole hearings, a parolee has the right to testify, present documents and witnesses, and cross-examine the State's witnesses. *Morrissey v. Brewer*, 408 U.S. 471, 471 (1972). There is no constitutional right to counsel in parole hearings, but instead, the decision whether to appoint an attorney rests with the fact-finding authority. *Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973). The Supreme Court in *Gagnon* noted that participation by counsel in such hearings would be unnecessary in most cases, but explained that counsel may be appropriate where difficult or complex issues are presented. *Id.* However, if counsel is requested and refused, the reason for denial must be set forth in the record. *Id.* at 791. In this case, although Osterhoudt had some due process rights associated with his parole hearing, such as the right to testify, present documents and witnesses, and cross-examine the State's witnesses, these rights did not include a constitutional right to counsel. Furthermore, the decision to allow counsel at a parole hearing is discretionary with the parole commission and, thus, the decision to deny counsel was within the discretion of the district court. Therefore, because the decision was discretionary and a writ of mandate is not a tool to control discretionary matters, the district court did not err when it dismissed Osterhoudt's petition for writ of mandate.

Osterhoudt nonetheless asserts he was entitled to relief. Osterhoudt claims that the Idaho Commission of Pardons and Parole was required to provide him with an application for counsel, which was a clearly mandated ministerial act. We disagree, since Osterhoudt provides no evidence that he had a constitutional right to counsel or, in the alternative, a constitutional right to information on how to apply for counsel in a parole violation hearing. While the Supreme Court has ruled that counsel may be appropriate, there is no evidence before this Court that Osterhoudt's case was unusually difficult or complex such that appointment of counsel was necessary. Osterhoudt also has not cited any authority indicating that a trial court, on behalf of the parole commission, has the authority to appoint counsel. Since the decision to appoint counsel is discretionary for the parole commission, Osterhoudt was not entitled to relief.

Additionally, there is no evidence the district court violated Osterhoudt's right to due process. Where a defendant claims that his or her right to due process was violated, we defer to the trial court's findings of fact, if supported by substantial evidence. *State v. Smith*, 135 Idaho 712, 720, 23 P.3d 786, 794 (Ct. App. 2001). However, we freely review the application of constitutional principles to those facts found. *Id.* In this case, the district court did not make

findings of fact on Osterhoudt's due process claim because Osterhoudt did not raise this issue to the district court. On appeal, Osterhoudt asserts that the district court erred because it did not allow Osterhoudt time to file a brief in support of his petition. However, Osterhoudt failed to provide any authority to support his claim of a due process violation. A party waives an issue on appeal if either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). We therefore determine Osterhoudt waived any claim that his due process rights were violated.

On the final issue, Osterhoudt asserts that the district court incorrectly held that seeking a writ of habeas corpus was an alternative method of achieving his goal. Osterhoudt provides no authority for his claim that a writ of habeas corpus cannot compel an administrative body to perform an act. Additionally, Osterhoudt provides no authority to support his claim that habeas corpus is not an appellate remedy. The district court explained Osterhoudt could raise constitutional issues and seek relief through a writ of habeas corpus. Although Osterhoudt disagrees with the district court's determination, without argument and authority to support his position, this Court declines to address the issue. Consequently, we find no error in the district court's decision to dismiss Osterhoudt's petition for writ of mandate.

## IV.

## CONCLUSION

For the reasons set forth above, we affirm the district court's order dismissing Osterhoudt's petition for writ of mandate.

Judge GUTIERREZ and Judge LORELLO **CONCUR**.