(March 19, 1908.)

## CITY OF BELLEVUE, Respondent, v. M. J. DALY, Appellant.

### [94 Pac. 1036.]

NUISANCE—INJUNCTION TO RESTRAIN NUISANCE—EASEMENT OR RIGHT OF WAY—PROTECTION AND MAINTENANCE OF SAME.

1. As a general principle of law it is the duty of an individual or the public entitled to an easement or right of way over the lands of another to keep up, maintain and protect such easement or right of way, and the presumption as to such duty and obligation arises as one of law, and where it is sought to maintain an action on the theory that such duty rests upon the owner of the fee, it is necessary for the plaintiff to plead and prove the facts from which the duty or obligation arises.

2. The fact that a municipality uses water that it conveys to the place of use through a ditch that runs across the field of another does not of itself entitle the municipality to maintain an action against the owner of the land for a perpetual injunction restraining him from allowing his cattle to feed and graze in the field along the banks of the ditch and to cross over the same or wade through the waters thereof.

3. ID.—In such case the primary duty of fencing or protecting the ditch and the waters therein from contamination and impurities rests upon the owner of the easement, and not upon the owner of the fee.

4. The principle that every person shall so use and enjoy his own property, however absolute and unqualified his title, that his use of it shall not be injurious to the equal enjoyment of others having an equal and like right to the enjoyment of their property, nor injurious to the equal rights of the public, must always be considered and applied in the light of that other principle that every man has a right to the natural use and enjoyment of his own property, and that if, while lawfully in the enjoyment of such use without negligence or malice on his part, an unavoidable loss occurs to his neighbors, the same is *damnum absque injuria.* The rightful use of one's own land may, in some instances, cause damage to another and yet constitute no legal wrong, and afford the damaged person no remedy.

(Syllabus by the court.)

APPEAL from the District Court of the Fourth Judicial District for Blaine County. Hon. Edward A. Walters, Judge.

Action by the plaintiff for a perpetual injunction. Judgment for the plaintiff and defendant appeals. *Reversed.*

Ensign & Ensign, and R. F. Buller, for Appellant.

Where the injury complained of is such only as is incident to lawful business conducted in the ordinary way, equity will not interfere. (High on Injunction, 4th ed., sec. 752.)

Equity will not interfere to prevent or abate as a nuisance everything that works hurt, inconvenience or damage; but only where the injury is irreparable. (Hilliard on Injunctions, sec. 23, p. 19; *Wallace v. McVey*, 6 Ind. 300.)

Where a party has a full and complete remedy in his own hands as the plaintiff had in this case, which he neglects or refuses to use, he has no standing in any court, whether of equity or otherwise. (Beach on Injunction, sec. 1077, note 4; *Dumnesnil v. Dupont*, 18 B. Mon. 800, 68 Am. Dec. 750; *Attorney General v. Bay State Brick Co.*, 115 Mass. 431-438.)

It was not only the unquestioned right, but the duty, of the city authorities to fence or otherwise protect the ditch if it needed protection. If they owned the right of way for the ditch, they had a perfect right to do whatever was necessary to protect it without Daly's permission, which however, they never asked. (*Adams v. Emerson*, 6 Pick. (Mass.) 57; *Wilson v. Boise City*, 6 Ida. 391, 55 Pac. 887; *Tucker v. Tower*, 9 Pick. (Mass.) 109, 19 Am. Dec. 350.)

Every man has a right to the natural use and enjoyment of his own property; and if, while lawfully in the enjoyment of such use without negligence or malice on his part, an unavoidable loss occurs to his neighbor, it is *damnum absque injuria.* (Beach on Injunction, 1117, note 1; *Barnard v. Shirley*, 135 Ind. 547, 41 Am. St. Rep. 454, 34 N. E. 600, 35 N. E. 117, 24 L. R. A. 568; *Pennsylvania Coal Co. v. Sanderson*, 113 Pa. St. 126, 57 Am. Rep. 445, 6 Atl. 453.)

An injunction will not be granted when it will operate inequitably or contrary to the real justice of the case. (*Troy & B. R. R. Co. v. Boston etc. R. R. Co.*, 86 N. Y. 107.)

McFadden & Brodhead, for Respondent.

Courts of equity in this state have the power to restrain and abate a public nuisance. (*Redway v. Moore*, 3 Ida. 312, 29 Pac. 104; 30 Am. & Eng. Ency. of Law, 385, and cases there cited.)

The appellant must so use his property as not to interfere with the rights of others. The community of Bellevue has the right to have its water for domestic and culinary use come to it as pure as natural conditions may permit. (*People v. Truckee Lumber Co.*, 116 Cal. 398, 58 Am. St. Rep. 183, 48 Pac. 374, 39 L. R. A. 581; *People v. Burtleson*, 14 Utah, 258, 47 Pac. 87; Cooley Const. Lim., 6th ed., 705.)

AILSHIE, C. J.—This action was commenced by the plaintiff praying for a perpetual injunction against the defendant, restraining him from the commission of certain acts alleged in the complaint. The allegations of the complaint are as follows:

"1. That plaintiff is a municipal corporation organized and existing under the laws of the state of Idaho.

"2. That said city has a population of about 1,000 inhabitants, who are supplied with water for drinking, culinary and other domestic purposes, from Seaman's creek, a small stream, flowing in a westerly direction toward the said city; that said water is diverted from said stream by means of a ditch and conveyed to a reservoir and from thence to said city by means of pipes.

"3. That said defendant is the owner of certain land through a portion of which said ditch is constructed, and said defendant is also the owner of a large number of cattle which are allowed by the defendant to range on that portion of his said land through which that said ditch runs; that said cattle are accustomed to wade in the water of said ditch and feed along its banks, the excretion from said cattle finding its way into said ditch and thereby polluting the water carried therein to such an extent that the same is unfit for drinking and culinary purposes, and thereby endangering the health of the inhabitants of said city.

"4. That the ranging of said cattle as aforesaid is a menace to the health of the inhabitants of the city of Bellevue, and is thereby a public nuisance.

"5. That said defendant has been notified to discontinue the practice of allowing his cattle to range along and through said ditch as aforesaid, but he totally disregards said notification, and will, unless restrained by an order of this court, continue to allow his cattle to so range as aforesaid.

"That plaintiff has no plain, speedy, and adequate remedy at law in the premises."

On this complaint a temporary injunction was issued. The defendant demurred to the complaint on the ground that it does not state facts sufficient to constitute a cause of action. The demurrer was overruled by the court and defendant thereupon answered, admitting the ownership of the land and the cattle mentioned in the complaint, and denying that the ranging and grazing of his cattle on the lands belonging to him and through which the ditch runs is or was a nuisance or menace to the health of the inhabitants of the plaintiff municipality, and denied that he had committed or permitted any act that constituted a nuisance or injured the health of the inhabitants of the plaintiff corporation. He also denied that he was the owner of the ditch or had any interest therein whatever, and denied that it was his duty to fence or in any way protect the ditch in question. The case went to trial before the court without a jury, and the court made findings of fact to the same effect as contained in the allegations of the complaint, and thereupon ordered a perpetual injunction against the defendant restraining and enjoining him from permitting or allowing his cattle to range along the banks of the ditch mentioned in the complaint, or to in any way interfere with or trespass upon the same. This appeal is from the judgment, and was taken on the same date judgment was entered. The judgment-roll contains a statement and bill of exceptions which sets out the substance of the evidence that was introduced in the case. The only question necessary for us to determine on this appeal is the sufficiency of the complaint and the action of the court in overruling the demurrer thereto.

We have been unable to discover from the allegations of the complaint upon what theory the plaintiff could expect to obtain an injunction perpetually restraining the defendant from using his own lands in the usual and ordinary manner and for necessary purposes of grazing, farming and agriculture. In the first place, it does not appear from the complaint what interest or right the municipality has in and to the ditch, easement or right of way that it is seeking to protect. The most that can be gathered from it is that the plaintiff and its inhabitants are using the waters carried through the ditch, but by what right does not appear. Ordinarily, it is the duty of an individual or the public owning an easement or right of way over lands of another to keep up, maintain and protect such easement or right of way, and that presumption would necessarily arise as a matter of law in the absence of allegations showing a contrary condition or obligation. Whether the city of Bellevue owns the ditch and water right and right of way over plaintiff's lands or merely has an easement to receive waters across that land and through the ditch, it would still have a clear and undisputed right to enter the premises for the purposes of cleaning out, repairing, protecting and taking care of the ditch and waters flowing in the ditch, and would be vested with the necessary right and authority to fence the ditch or perform such other acts as are necessary to protect the water from pollution and the ditch from impairment or destruction, and to keep injurious and deleterious matter and substances therefrom. On the contrary, if by reason of contract or otherwise, the obligation to do these things has devolved upon the defendant, it would be necessary for the plaintiff to allege and prove the facts necessary to establish such duty or obligation. But to say that because this ditch runs through defendant's field he cannot use the field in the ordinary course of husbandry, and graze his cattle therein, is contrary to all law and every principle of justice. In the first place, under the laws of this state, defendant would be entitled to let his cattle run at large, and if this ditch crossed the uninclosed public domain or the public common, defendant's cattle would have a right to run at large and

graze thereon, and if in doing so they grazed along this ditch
or waded into it, defendant would not be liable therefor
(*Swanson v. Groat*, 12 Ida. 148, 85 Pac. 384), nor would it be
defendant's duty to fence or inclose the ditch so as to pro-
tect the waters before permitting his cattle to graze at large
on the common or public domain. Certainly he cannot have
any less right on his own lands and in his own field than he
would have upon the public common or public domain. If
for any reason he has parted with such rights upon his own
lands as he would have upon the public domain, those facts
should be alleged and proven. Of course, the foregoing obser-
vations apply to such livestock as have the right under the laws
of this state to run at large, and would not apply to such stock
as are required to be kept within inclosures,—as, for example,
hogs. It may be that if the defendant should pasture his hogs
in the field through which this ditch runs, he would be re-
quired to keep them off the plaintiff's easement on the theory
that he must keep his hogs up or within his inclosure, and that
he cannot permit them to trespass upon either the premises
or easements of others.

Under the charter of the city of Bellevue, by sec. 19 thereof
(Sess. Laws 1883, p. 93), the municipality has authority
to exercise its corporate jurisdiction and authority over
any territory outside the city limits used for waterworks, res-
ervoirs, or streams, trenches, ditches or drains necessary to the
construction, maintenance and operation of a waterworks
system. Under such authority the municipality has jurisdic-
tion over its ditches, reservoirs and pipe-lines, and may do any
and all things necessary for the maintenance and protection
thereof, and for keeping the water pure and free from pollu-
tion and contamination.

Respondent relies upon secs. 3620 and 3621, defining nui-
sance, and insists that the fact that appellant's cattle are per-
mitted to graze along this ditch and to wade through the
waters constitutes a public nuisance, and insists that the
courts have the power and authority to restrain nuisance. The
latter proposition is true, and it has been so held by this

court. (*Redway v. Moore,* 3 Ida. 312, 29 Pac. 104; *Village of Sandpoint v. Doyle,* 11 Ida. 642, 83 Pac. 498, 4 L. R. A., N. S., 810; *Shreck v. Village of Coeur d'Alene,* 12 Ida. 708, 87 Pac. 1001.) The statutes above cited mean something more than the usual, ordinary and lawful use of one's own property in order to constitute such act or acts a nuisance within the definitions they contain.

The principle announced in *People v. Truckee Lumber Co.* 116 Cal. 398, 58 Am. St. Rep. 183, 48 Pac. 374, 39 L. R. A. 581, cited by respondent, which holds that, "Every person shall so use and enjoy his own property, however absolute and unqualified his title, that his use of it shall not be injurious to the equal enjoyment of others having an equal right to the enjoyment of their property, nor injurious to the rights of the public," must be considered and applied in the light of that other principle announced in Beach on Injunctions, sec. 1112, note 1, wherein he says: "It may be stated as a general proposition that every man has a right to the natural use and enjoyment of his own property, and if, while lawfully in such use and enjoyment without negligence or malice on his part, an unavoidable loss occurs to his neighbor, it is *damnum absque injuria,* for the rightful use of one's own land may cause damage to another without any legal wrong." To the same effect, see *Barnard v. Sherley,* 135 Ind. 547, 41 Am. St. Rep. 454, 34 N. E. 600, 35 N. E. 117, 24 L. R. A. 568; *Pennsylvania Coal Co. v. Sanderson,* 113 Pa. St. 126, 57 Am. Rep. 445, 6 Atl. 453.

The whole proposition resolves itself to the question: Upon whom rests the duty and obligation of fencing or otherwise protecting this ditch? We answer that primarily that duty rests upon the owner of the easement or right of way. If for any reason, contractual or otherwise, that duty has shifted to the respondent, the owner of the fee, the plaintiff must show such fact.

The judgment of the trial court is reversed and the cause remanded, with directions to sustain the demurrer and allow

the defendant a reasonable time in which to amend.   Costs
awarded in favor of appellant.

Stewart, J., concurs.

Sullivan, J., took no part in the decision.