(No. 6404.   March 29, 1937.)

THE CITY OF PAYETTE, IDAHO, a Municipal Corpora-
tion, Respondent, v. ANNIE JACOBSEN, Appellant.

[66 Pac. (2d) 1013.]

George Donart for Appellant.

John T. Kenward for Respondent.

MORGAN, C. J.—This suit was commenced by respondent, hereinafter called the city, to procure an injunction restraining appellant from flooding one of its streets.

It is alleged in the complaint that appellant is the owner of an irrigated farm and pasture land which adjoin the easterly side of Eleventh Street of the city, between First Avenue North and Third Avenue North therein; that on or about July 18, 1935, appellant, her agents, servants and employees,

by wrongful and negligent use of water, in excess of that reasonably necessary for the irrigation of her land abutting on said street, and by failure to exercise reasonable care in the use of the water, caused it to flow and stand on Eleventh Street, between First Avenue North and Third Avenue North, resulting in the loss of use of the greater part of the street, between said avenues, for approximately forty-eight hours, and that they intend to and will flood the street each time her land is irrigated, unless enjoined from so doing.

Appellant answered admitting her ownership of the farm and pasture land, and that Eleventh Street is a duly laid out, dedicated and accepted street of the city. She denied all other allegations of the complaint, above mentioned. As a further and separate defense, and by way of cross-complaint, she alleged she and her husband, now deceased, had been the owners of said land for many years past; that, prior to the establishment of First Avenue North in the city, they owned an open ditch running along the northerly side of what is now that avenue, which was used by them to carry off all waste water from their lands, during the irrigation season of each and every year, and that it was of sufficient capacity for that purpose; that the city, desiring to close said ditch installed, or caused to be installed, a water pipe for the purpose of conducting the waste water from said land, which had previously been conducted therefrom by means of the open ditch; that during the last two or three years the capacity of the pipe, so installed by the city, had become insufficient to carry away the waste water from the land, due to the fact that it was corroded, or the free flow of the water through it had otherwise been obstructed, without fault of appellant; that by reason of the failure of the city to maintain the pipe in a proper state of repair, the flow of the waste water had been interfered with and impeded to such an extent that it was held in the vicinity of her land, thereby depriving it of necessary drainage and rendering it likely to become water-logged. She prayed for a mandatory injunction requiring respondent to remove the obstructions from the pipe line, or to install a pipe line of sufficient size and capacity to properly carry away the waste water from her land.

The city, answering the cross-complaint, alleged that, "approximately sixteen to twenty years ago," it assisted the husband (now deceased) of appellant in the installation of a pipe to conduct waste water from the land, that the carrying capacity of the pipe, so installed by appellant's husband and the city, has been insufficient to carry away the waste water from appellant's land during the last two or three years and that said insufficiency has been wholly due to the use by appellant, in the irrigation of the lands, of water in excess of the amount necessary to irrigate it, and to her negligent failure to clean out the pipe and keep it in repair.

The trial resulted in a decree perpetually enjoining appellant from flooding the street, from which she has appealed.

Appellant has assigned as error the failure of the trial judge to make a finding of fact on all material issues, specifying failure to find on the issue presented by the cross-complaint wherein it is alleged the pipe line installed by the city is now insufficient to carry away the waste water from the lands of appellant, due to the flow through it being obstructed, without her fault.

Two issues of fact, necessary for a proper decision of this case, are presented by the pleadings. First: Is the flooding of the street caused by the use of water by appellant on her land, in excess of the amount necessary for the proper irrigation thereof and by negligently permitting it to escape therefrom into the street, and does she threaten to continue to so flood it? Second: Is the flooding of the street caused by the drain-pipe being obstructed and, if so, upon whom does the duty devolve to place it, and maintain it, in proper repair?

Finding of fact numbered 3 is as follows:

"That on or about the 18th day of July, 1935, the defendant, her agents, servants and employees, by a wrongful and negligent use of an amount of water in excess of the amount reasonably necessary for the irrigation of said lands abutting said street and by a lack of reasonable care for said water caused said water to flood, flow down upon and stand upon said Eleventh Street between First Avenue North and Third Avenue North in said City of Payette, Idaho, all to the damage of the plaintiff and causing the loss of the use of the

greater part of said Eleventh Street between First Avenue North and Third Avenue North for approximately forty-eight hours.''

The judge further found appellant, her agents, servants and employees, will flood the street each time her land is irrigated, unless enjoined from so doing. Also that she and her husband, now deceased, were the owners of the ditch, above mentioned, which was used by them to carry off waste water from the land, and it was of sufficient capacity for that purpose; that in 1915 the city and appellant's husband closed the ditch and installed, or caused to be installed, a pipe for the purpose of conducting the waste water from the land and, during the last two or three years, the pipe has been insufficient to carry it.

The burden was on the city to prove the street was flooded by negligent and excessive use of water in irrigating the land. The evidence is sufficient to sustain finding of fact numbered 3, above quoted, but this does not dispose of the issue presented by the affirmative defense and cross-complaint to the effect that the flooding of the street was caused by obstructions in the pipe which it was the city's duty to keep in repair, for, although water was excessively and negligently used, it would not have overflowed into the street had the pipe been maintained at sufficient capacity to take it away.

The burden was on appellant to prove the flooding of the street was caused by defects in the drain-pipe, and that it was the duty of the city to maintain it in proper repair so as to carry away the waste irrigation water from her land. (*Kiesel v. Bybee,* 14 Ida. 670, 95 Pac. 20; *Hays v. Robinson,* 35 Ida. 265, 206 Pac. 173.)

It was the province of the trial judge, who heard the testimony of the witnesses and observed their demeanor while they testified, to decide, in the first instance, as to whether or not appellant's contention that it was the city's duty to place and maintain the pipe in good repair, so that it would carry off the waste water, was established by the evidence.

The evidence shows the pipe is laid through the parking along First Avenue North. Appellant and her hus-

band have used it, and the open ditch, which was filled when the pipe was laid, for many years to carry off the waste water from the land she owns. It is apparently conceded, at least it is not disputed, that she has an easement to use the pipe line, located as it is, to drain away the waste irrigation water from her land, and it is not shown to have ever been used for any other purpose.

As a general principle of law it is the duty of the owner of an easement, or right-of way over the lands of another, to maintain it in a state of good repair and efficiently so that no unnecessary damage will result from its use to the servient estate. (*City of Bellevue v. Daly*, 14 Ida. 545, 94 Pac. 1036, 125 Am. St. 179, 14 Ann. Cas. 1136, 15 L. R. A., N. S., 992; *Coulsen v. Aberdeen-Springfield C. Co.*, 47 Ida. 619, 277 Pac. 542; *Pioneer Irr. Dist. v. Smith*, 48 Ida. 734, 285 Pac. 474; *West Coast Power Co. v. Buttram*, 54 Ida. 318, 31 Pac. (2d) 687.) If by contract with the city, or from other cause, the duty rests on it to maintain the pipe line, the burden is on appellant to show it.

The decree appealed from is reversed and the cause is remanded to the district court with instruction to supplement the findings of fact with further findings, on the issues framed by the affirmative defense and cross-complaint and the answer thereto, and to enter a decree in accordance with the findings of fact so supplemented.

Costs on appeal will be awarded to the prevailing party when the cause is finally decided.

Holden, Ailshie, Budge and Givens, JJ., concur.