550 P.2d 137
**LeRoy W. REHWALT et al., Plaintiffs-Respondents,**
v.
**AMERICAN FALLS RESERVOIR DISTRICT #2, Defendant-Appellant.**
**No. 11965.**

Supreme Court of Idaho.

May 18, 1976.

Parry, Robertson, Daly & Larson, Twin Falls, Cecil D. Hobdey of James, Hobdey & Varin, Gooding, for defendant-appellant.

James T. Jones, Jerome, for plaintiffs-respondents.

DONALDSON, Justice.

American Falls Reservoir District No. 2, hereinafter referred to as American Falls,

owns an easement, consisting of a right of way for an irrigation canal and maintenance roads on either side, that traverses the farmland of respondents LeRoy and Eunice Rehwalt.

On August 15, 1973, the Rehwalts loaded 480 bushels of wheat onto the ten-wheel truck of their son-in-law, respondent Calvin Jones. As Eunice Rehwalt was driving the truck on the maintenance road on the east side of the canal, the edge of the road gave way and the truck toppled into the canal. The Rehwalts lost the load of wheat and sustained nearly $1,500 in damages to the truck.

At trial, the district court, sitting without a jury, held that appellant American Falls owed a duty to the Rehwalts, owners of the servient tenement, "to maintain its roadway easement along said canal in a safe condition for said Rehwalts' benefit." The court then held that American Falls had breached that duty and was guilty of negligence.

On appeal, appellant attacks the lower court's finding of negligence and also its determination that respondents LeRoy and Eunice Rehwalt were not guilty of contributory negligence.

The essential question this Court must determine then is what duty, if any, is owed by the owner of an easement to the owner of the servient estate. The answer requires a review of the Court's earlier decisions in this area.

*City of Bellevue v. Daly*, 14 Idaho 545, 94 P. 1036 (1908), was a case in which the city, owner of a ditch used to divert water for domestic uses by the inhabitants, sought to enjoin Daly, owner of the land subject to the easement, from allowing his cattle to range near the ditch. It appears that the cattle polluted the water, making it unfit for drinking and cooking. The Court, in reversing the trial court's granting of the permanent injunction, found that it is normally the duty of the easement owner to maintain and protect the easement. It further found that the easement owner also

has the "authority to fence the ditch * * * to protect the water." 14 Idaho 545, 549, 94 P. 1036, 1038.

In *Coulsen v. Aberdeen-Springfield C. Co.*, 47 Idaho 619, 277 P. 542 (1929), the canal company owned an easement, a waste ditch, on the property of Coulsen. The company allowed the ditch's wooden flume to wash away, which resulted in creating a gulch of "considerable dimensions." Coulsen's bull, which was grazing in the field through which the gulch had been formed, fell into the ditch when the "precipitous banks gave way" and subsequently died. The *Coulsen* Court upheld a finding of negligence on the part of the canal company. The Court noted that the easement, created by an act of Congress in March, 1891 (43 U.S.C.A. § 949), was expressly limited to create "no greater burden [upon the servient estate] than reasonably necessary." 47 Idaho 619, 628, 277 P. 542, 545. Such limitation required the canal company to maintain the easement in substantially its original condition. In finding for Coulsen the Court stated:

"The condition of the waste ditch was not due to its reasonable use by appellant for the purposes contemplated, but was due to an unauthorized burden imposed upon respondent's land, and the failure of appellant to restore the land to its former condition, or to protect respondent in the ordinary use of his property in a manner not inconsistent with the right originally acquired, constituted actionable negligence. The appellant is liable only because it was negligent. Nothing contained in the opinion justifies the conclusion that a canal company is liable for injuries resulting from the ordinary use of a canal or a use reasonably within the terms of the original grant, or that such company must fence its right of way or otherwise protect persons or property from the hazards naturally connected with that use." 47 Idaho at 631, 277 P. at 546.

Finally, in 1930, this Court in *Pioneer Irr. Dist. v. Smith*, 48 Idaho 734, 285 P.

474 (1930) reaffirmed that it is the duty of the easement owner to maintain and protect his easement. The Court also held that the owner of the servient estate, while having the right to use his land for ordinary purposes, must exercise such right in a reasonable manner.

 The above cases indicate that it is the easement owner's right and duty to maintain, repair and protect the easement. This duty requires that the easement owner maintain the easement so as to not create an additional burden on the servient estate. *Pioneer Irr. Dist. v. Smith, supra.* The interference the *Pioneer* Court contemplated was that which would damage the land, such as a flooding of the servient estate. *See also City of Payette v. Jacobsen,* 57 Idaho 524, 66 P.2d 1013 (1937); 2 Kinney, Irrigation § 993, at 1756 (2d ed). On the other hand, we disagree with the conclusion of the district court that the easement owner's duty to maintain requires he maintain and repair the easement for the *benefit* of the servient landowner. Consistent with the right to maintain, repair and protect is the power to exclude the landowner from access to the easement when such access is inconsistent with the primary purpose of the easement.[1] Certainly since the easement owner can exclude the servient landowner altogether when it is necessary for the protection of the easement, he cannot be expected to maintain the easement for the landowner's benefit. *See* Annot. 169 A.L.R. 1147; 2 Thompson, Real Property § 428, at 709 (1961 Replacement).

 What then is the proper standard of care owed by an easement owner in this case? While this Court has recently refused to abolish the legal categories of li-

1. *See City of Bellevue v. Daly, supra,* where this Court recognized the right of the easement owner to fence off the easement ditch in order to protect it.

2. The duty of owners and possessors of land is determined by the status of the person injured on the property, i. e., whether he is a licensee, invitee, or trespasser. *Springer v. Pearson,* 96 Idaho 477, 531 P.2d 567

censee, invitee and trespasser[2] in favor of a general negligence standard, *Springer v. Pearson, supra* n. 2; *Mooney v. Robinson, supra* n. 2, we do not favor an expansion of the use and application of the licensee-invitee-trespasser categories, originally developed to protect and immunize the landowner or occupier, to measure the standard of care owed by an easement owner to the owner of the servient estate. In their critique of the licensee-invitee-trespasser categorization, Harper & James note that the rationale for this limited immunity was originally based on a lack of foreseeability. They state that it would be consistent with this rationale to extend that protection to easement owners. However, they then argue that since the common justification for granting limited immunity to owners and occupiers is unsatisfactory it should not be so extended.

"And if immunity originated in an overzealous desire to safeguard the right of ownership as it was regarded under a system of landed estates, then there seems to be no reason for extending special tenderness beyond the scope required by precedent, or for enlarging the class of defendants exempted from the duty generally owed by all men to use reasonable care towards everyone likely to be hurt by their carelessness." 2 Harper & James 1434.

 We agree with the conclusions of Harper & James and decline to expand the use of the licensee-invitee-trespasser categories. Rather, we hold that American Falls is to be held to the general standard to use ordinary care in the management of the easement property. *See, Messmer v. Ker,* 96 Idado 75, 524 P.2d 536 (1974); IDJI 210.[3]

(1975); *Mooney v. Robinson,* 93 Idaho 676, 471 P.2d 63 (1970).

3. "NEGLIGENCE—DEFINITION
"When I use the word 'negligence' in these instructions, I mean the failure to use ordinary care in the management of one's property or person. The words 'ordinary care' mean the care a reasonably careful person would use under circumstances similar to

The case is remanded to district court for a redetermination of whether American Falls' failure to maintain the easement road was a breach of its duty, applying the above standard of care. If, upon retrial, appellant is found to have breached its duty, then, and only then, the issue of respondents' contributory negligence must be determined. Such determination must be made in light of well-settled law that the plaintiff-respondent must exercise the care of a reasonable and prudent man for his own protection and only if his failure to do so was a contributing cause to his injuries must an inquiry be made as to the proportion of negligence of both parties. I.C. § 6–801; *Sulik v. Central Valley Farms, Inc.,* 95 Idaho 826, 521 P.2d 144 (1974). Costs to appellant.

McFADDEN, C. J., SHEPARD and BAKES, JJ., and THOMAS, District Judge, concur.

those shown by the evidence. Negligence may thus consist of the failure to do something which a reasonably careful person would do or the doing of something which a reasonably careful person would not do, under circumstances similar to those shown by the evidence."